UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARBOR VIEW MOBILE HOMEOWNERS ASSOCIATION, INC., in its representative capacity on behalf of itself, and all current and former mobile homeowners in the Park,

Plaintiff,

Case No.:

v.

MHC OPERATING LIMITED PARTNERSHIP, EQUITY LIFESTYLE PROPERTIES, INC., HARBOR VIEW MHC, LLC, ERIC ZIMMERMAN, STANLEY MARTIN, SYDNEY MORRIS, RENE SCOTT, FLORIDA MANUFACTURED HOUSING ASSOCIATION, INC., JOSEPH ALLEN BOBO, and LUTZ, BOBO & TELFAIR, P.A., d/b/a LUTZ, BOBO, TELFAIR, EASTMAN & BOBO, f/k/a LUTZ, WEBB & BOBO, P.A.,

Defendants.
_______________________________________/

**NOTICE OF REMOVAL**

Defendants, Eric Zimmerman, Stanley Martin, Sydney Morris, Rene Scott, Joseph Allen Bobo, and Lutz, Bobo, & Telfair, P.A., *d/b/a* Lutz, Bobo, Telfair, Eastman & Bobo, *f/k/a* Lutz, Webb & Bobo, P.A. (collectively "**Removing Defendants**"), hereby remove the above-styled cause to the United States District Court for the Middle District of Florida, Tampa Division, and respectfully show:

**Statement of Grounds for Removal**

This Notice of Removal is based on the Class Action Fairness Act and pursuant to 28 U.S.C. § 1332(d), 1441, 1446, and 1453.

**Procedural History**

1. On December 30, 2020, plaintiffs commenced this civil action by filing a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, styled *HARBOR VIEW MOBILE HOMEOWNERS ASSOCIATION, INC. v. MHC OPERATING LIMITED PARTNERSHIP, et. al.*, Case Number 2020-CA-002875 (the "**State Action**"). On February 1, 2021, *prior to service on any defendant*, Plaintiffs filed an Amended Complaint in the State Action. A true and correct copy of the State Action Amended Complaint is attached hereto as Exhibit "1".

2. The State Action outlines and asserts claims similar to those brought by the plaintiffs less than eighteen months prior in a putative class action in the Middle District of Florida.

3. On November 29, 2019, the plaintiffs, along with seven homeowners at the mobile home park at issue, asserted the same claims brought in the State Action as a putative class action in *BAHRAKIS*, *et. al v. ZIMMERMAN, et. al,* Case Number 8:19-cv-02948 (the "**Prior Class Action**"). A true and correct copy of the Prior Class Action Complaint is attached hereto as Exhibit "2".

4. Among other things, in the nine count Prior Class Action, the plaintiffs asserted four claims of RICO conspiracy (counts I-IV) and a claim for violation of the Florida Deceptive and Unfair Trade Practices Act (Count V).

5. On April 29, 2020, the Honorable Susan C. Bucklew dismissed the complaint in its entirety, and the RICO and the FDUTPA claims against J. Allen Bobo and Lutz, Bobo & Telfair, P.A., *with* prejudice. *Bahrakis v. Zimmerman*, 2020 WL 2062326, at *10 (M.D. Fla. Apr. 29, 2020).

6. On May 12, 2020, the plaintiffs voluntarily dismissed the balance of their claims.

7. On July 13, 2020, the Clerk entered judgment in favor of the Defendants. *Bahrakis at* Doc. 39.

8. The only matter currently left for consideration in the Prior Class Action is the amount of attorneys' fees to be awarded to defendants.

**CITIZENSHIP OF PARTIES**

9. Plaintiff Harbor View Mobile Homeowners Association, Inc. is a Florida not for profit corporation, with its principal place of business in New Port Richey, Florida. Ex. 1 at ¶ 4. For diversity purposes, it is a citizen of Florida.

10. Plaintiffs assert that the putative class consists of "more than 550 current and former mobile homeowners in the Harbor View Mobile Home Park…" Ex. 1 at p. 3.

11. The putative class includes current and former mobile homeowners in the Harbor View Mobile Home Park. The citizenship of these individuals is unknown at this time.

12. Defendant MHC Operating Limited Partnership is an Illinois limited partnership, and has one general partner, Defendant Equity Lifestyles Properties, Inc. ("ELS"). As described below, ELS is a citizen of Illinois for diversity purposes, and as such, MHC Operating Limited Partnership is a citizen of Illinois for diversity purposes.

13. Defendant ELS is an Illinois corporation with its principal place of business in Illinois. For diversity purposes, it is a citizen of Illinois.

14. MHC Operating Limited Partnership and ELS are the owners of the park and, based on the claims asserted, are the primary defendants in this matter.

**TIMELINESS OF REMOVAL**

15. On April 26, 2021, the undersigned accepted service and appeared on behalf of each of the Removing Defendants.

16. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 § U.S.C. 1446(b)(1); *Florida Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *3 (M.D. Fla. Aug. 7, 2017).

17. This Notice of Removal is filed within 30 days of April 26, 2021, the date which the Removing Defendants were served with the initial pleading. Therefore, this Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

18. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

19. This Court has original jurisdiction over the State Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and the State Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

20. CAFA provides the federal district courts with original jurisdiction to hear a case if the putative class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).

21. The State Action falls squarely within the jurisdiction confines of CAFA.

22. 28 U.S.C. § 1332(d)(1)(B) defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."

23. The State Action complaint makes clear on its face that it is a class action. The complaint states that the action is brought on behalf of a class and pursuant to the

Florida class action statute, *Fla. R. Civ. P.* 1.220. Ex. 1 ¶ 4. As such, the State Action is a class action within the meaning of § 1331.

24. CAFA also instills a minimal diversity threshold, that is, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

25. Here, the primary defendants, ELS and MHC Operating Limited Partnership, are both citizens of Illinois, a different citizenship than that of Plaintiff, Florida.[1] As such, the minimal diversity threshold is established.

26. CAFA next mandates that the purported class contain at least 100 members for jurisdiction to exist. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Here, Plaintiffs state that the putative class consists of "more than 550 current and former mobile homeowners in the Harbor View Mobile Home Park…" Ex. 1 at p. 3. As such, the State Action meets the numerosity requirement of CAFA.

27. Finally, CAFA mandates that the amount in controversy exceed $5,000,000. See 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Here, the Plaintiffs seek compensatory damages equal to the alleged amount of increased lot rentals, trebled damages under the Florida Antitrust Act, injunctive relief, attorneys' fees, and costs. Ex. 1 at pp. 27. In the aggregate, the damages sought by Plaintiffs will exceed $5,000,000 if they are successful. As such, the State Action satisfies the amount in controversy requirement of CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*,

---

[1] The Court should note that ELS, MHC Operating Limited Partnership, and Harbor View MHC, LLC all consent to removal to this Court.

574 U.S. 81, 89 (2014) (Notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

28. While 28 U.S.C. § 1332(d)(3) and (4) outline exceptions to CAFA jurisdiction, the exceptions do not carry weight here for two reasons. First, the primary defendants, MHC Operating Limited Partnership and ELS, are not citizens of the state of Florida. Second, less than eighteen months prior to the filing of the State Action, the Plaintiffs filed the Prior Class Action attempting to assert the same or similar claims. As such, neither of the exceptions in subsection 3 nor 4 should defeat CAFA jurisdiction.

29. Accordingly, this Court has jurisdiction over the State Action pursuant to CAFA and 28 U.S.C. § 1332(d).

**THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION IS THE PROPER VENUE FOR THIS ACTION**

30. Defendants seek removal to the Middle District of Florida, Tampa Division, the District in which the action is now pending. 28 U.S.C. § 1441(a)

31. This Court has removal jurisdiction over this action under 28 U.S.C. §§ 1441 and 1453. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332(d).

32. As discussed above, the requirements of 28 U.S.C. § 1332(d) and CAFA have been met. This Court has removal jurisdiction based upon CAFA.

33. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 § U.S.C. 1446(b)(1); *Florida Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *3 (M.D. Fla. Aug. 7, 2017).

34. This Notice of Removal is filed within 30 days of April 26, 2021, the date which the Removing Defendants were served with the initial pleading. Therefore, this Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b).

35. A written notice of filing this Notice of Removal will be provided to the attorney for Plaintiffs and the attorneys for the other Defendants as well as the Sixth Judicial Circuit Court in and for Pasco County, Florida.

36. Following the filing of this Notice of Removal, a true and accurate copy will be filed with the Clerk of Court for the Sixth Judicial Circuit Court in and for Pasco County, Florida as required by 28 U.S.C. § 1446(d).

37. Pursuant to Local Rule 1.06(b), in addition to the Complaint, contemporaneously with the filing of this notice, true and accurate copies of all other pleadings, orders, other papers, or exhibits on file in the State Action have also been filed.[2] Pursuant to Local Rule 1.06(c), all currently pending motions will be refiled by the moving parties within 21 days of this Notice.

[2] The Removing Defendants were unable to access certain documents in the State Court Action, in particular, the Removing Defendants were unable to access Document 2, the Civil Cover Sheet, and Documents 5-24, proposed summons and summons issued by the State Court.

## CONCLUSION

Because this matter meets the requirements of the Class Action Fairness Act, Defendants remove this action and respectfully request for it to proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1441.

s/ *Ali V. Mirghahari*
Mahlon Barlow
Florida Bar No. 871117
mbarlow@sbwlegal.com
mhbassistant@sbwlegal.com
Ali V. Mirghahari
Florida Bar No. 1003493
amirghahari@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, FL 33602
Main: (813) 221-4242
*Co-Counsel for all Defendants except Florida Manufactured Housing Association*

and

J. Allen Bobo
Florida Bar No. 0356980
Jody B. Gabel
Florida Bar No. 0008524
LUTZ, BOBO & TELFAIR, P.A.
2 North Tamiami Trail, Suite 500
Sarasota, FL 34236-5575
Telephone: 941-951-1800
877-951-1800 (toll-free)
Facsimile: 941-366-1603
Email: jabobo@lutzbobo.com
Email: jbgabel@lutzbobo.com
*Co-Counsel for all Defendants except Florida Manufactured Housing Association*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 12, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, and a copy was sent via e-mail to:

Daniel W. Perry, Esq.
4767 New Broad Street, Ste. 1007
Orlando, FL 32814-6405
dan@danielperry.com
*Counsel for Plaintiffs*

Kevin S. Hennessy, Esq.
Nicole J. Poot, Esq.
LEWIS, LONGMAN & WALKER, P.A.
100 Second Avenue South, Suite 501-S
St. Petersburg, FL 33701
Telephone: (727) 245-0820
khennessy@llw-law.com
npoot@llw-law.com
*Counsel for Florida Manufactured Housing Association, Inc.*

s/ Ali V. Mirghahari